IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-cv-131-BO

| | |
|---|---|
| LAWRENCE FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ON THE ROX ENTERTAINMENT LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on numerous motions. Motions DE 25, 27, 48, 49, 54, and 74 are GRANTED. Motions DE 22, 38, 39, 40, 44, 45, 61, 68, 73, and 77 are DENIED. Plaintiff is GRANTED thirty (30) days to respond to outstanding motions to dismiss. All the defendants that have appeared—ABM, Dotel, Kapital, Castillo, Alvarez, and Duars—are GRANTED thirty (30) days from the date of this order to answer or otherwise plead.

## BACKGROUND

The underlying dispute in this case stems from a failed rap and reggaeton concert in Fayetteville, North Carolina in July 2017. Plaintiff, Lawrence Floyd, conducted business in North Carolina as a promoter of various events, including concerts, sports, and entertainment events. DE 1, ¶ 17. Sometime in 2017, plaintiff became interested in putting on a rap, R&B, and reggaeton concert in Fayetteville, NC, and began reaching out to contacts for guidance. *Id.* ¶ 46– 49. He was referred to defendant Warrenna Watkins of On the Rox Entertainment, a talent and booking agent with offices in Kansas City, MO and Atlanta, GA. *Id.* ¶ 50. Ms. Watkins agreed to assist plaintiff in putting on the event, including booking and dealing with contracts and logistics. *Id.* ¶ 54. Ms. Watkins reached out to artists on her list and around the same time plaintiff was

introduced to other artists, many of whom are named defendants in this action. *Id.* ¶ 58, 60. The eventual line-up for the event consisted of the following artists: Defendant Rafael Castillo ("Castillo"), Defendant Javid David Alvarez Fernandez ("Alvarez"), Efrain David Fines Nevares ("Fines"), Defendant Ronny Kevin Roldan Velasco ("Roldan"). *Id.* ¶ 61. The concert was set to occur on July 22, 2017. *Id.* ¶ 62.

Ms. Watkins allegedly negotiated contracts with each artist on behalf of the plaintiff. *Id.* ¶ 65. During the period leading up to the concert, plaintiff hired individuals to help with logistics and paid many of the up-front costs of the concert. Additionally, Mr. Floyd paid the artists' deposits and paid for travel-related expenses.

Two weeks before the concert, defendant Roldan backed out of performing due to an apparent visa issue. *Id.* ¶ 76. Despite Roldan's backing-out, the event went ahead with the other artists. On July 22, 2017, the day of the concert, the artists had checked into their hotel, participated in sound checks, and the crews and staff were ready. *Id.* ¶ 83–87. But at 9:00 PM, when the concert was scheduled to begin, defendant Castillo was allegedly nowhere to be found. *Id.* ¶ 87. After a delay, ticketholders began demanding refunds from the box office. *Id.* ¶ 89. During this same delay, the remaining artists—Alvarez and Fines—were encouraged to perform, but refused. *Id.* ¶ 90. At 10:30 PM, the general manager of the venue decided to call off the concert and told guests that they would receive a refund. *Id.* ¶ 91. Plaintiff had to settle with the venue for the reimbursements to ticketholders. *Id.* ¶ 93. Efforts for a make-up concert also failed. *Id.* ¶ 95–101.

Plaintiff brought this suit to recover $723,000 in out-of-pocket costs, as well as additional damages for reputational injuries, and punitive damages. Plaintiff is suing Ms. Watkins, her company On the Rox Entertainment, all the artists, and the artists' alleged agents, which include:

(1) Kapital Music & Entertainment ("Kapital"), agent of Roldan; (2) ABM and Gabriel Dotel, agents of Roldan; (3) Duars Entertainment Corp ("Duars"), agent of Castillo; and (4) Jonathan Morales, agent of Alvarez and Fines.

Plaintiff alleges constructive trust, fraud in the inducement, violation of North Carolina's deceptive trade practice law, negligent misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and quantum meruit.

All the defendants are out-of-state, and some are foreign based. Plaintiff claims he had difficulty serving process on the defendants. The Court will dispense with going into the details of plaintiff's alleged efforts to serve each defendant and their reasons for delays in appearing. The Court simply notes that defendants missed the deadline to answer and plaintiff moved for entry of default. At this point, six of the ten defendants have appeared and oppose the defaults. The parties filed numerous motions, and the case has 18 pending motions. On October 8, 2019, the Court held a hearing at Elizabeth City, NC.

The case now stands as follows. Plaintiff has outstanding motions for entry of default against defendants Fines [DE 22], Castillo [DE 38], ABM [DE 44], Dotel [DE 45], On the Rox [DE 48], Watkins [DE 49], and Morales [DE 54].

The Clerk entered default against Duars [DE 20]. Duars moves to set this default aside and for extension of time to answer or otherwise plead. [DE 27]. Alvarez preemptively moved to set aside default, which has not been entered yet [DE 25].

The following defendants have moved to dismiss the case: Duars [DE 33], Alvarez [DE 41], and Kapital [DE 78].

The following parties have moved for extension of time: Plaintiff [DE 40] to respond to Duars' motion to dismiss, ABM [DE 61] to answer or otherwise plead, Kapital [DE 77] to

answer or otherwise plead, and Kapital via consent motion [DE 73] to answer or otherwise plead. ABM and Dotel have moved to withdraw attorney because of a potential conflict. [DE 74]. Plaintiff and Castillo have moved to strike certain filings [DE 39] and [DE 68].

## DISCUSSION

**Entries of Default**

The law favors decisions on the merits over default. *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Given the number of defendants, the fact that several are foreign, and potential difficulties and complications with service of process, the appearing defendants have shown good cause.

The Court grants Duars' motion [DE 27] to set aside default and grants Duars a thirty (30) day extension from the date of this order to answer or otherwise plead. The Court similarly grants Alvarez's preemptive motion [DE 25] to set aside default and grants him thirty (30) days from the date of this order to answer or otherwise plead. The Court denies plaintiff's motions [DE 38, 44, 45] for entry of default against Castillo, ABM, and Dotel. These parties have appeared and are ready to litigate their cases. The Court also denies plaintiff's motion against Fines [DE 22] as moot since Fines is no longer a party.

The Court grants plaintiff's motions [DE 48, 49, 54] for entry of default against On the Rox, Watkins, and Morales, all of whom have not appeared.

**Other motions**

The motion to withdraw as attorney [DE 74] is granted. The motions to strike [DE 39, 68] are denied.

The motions to extend time [DE 40, 61, 73, and 77] are denied. Instead, the parties are directed as follows. Plaintiff has thirty (30) days from the date of this order to respond to the

4

outstanding motions to dismiss. ABM, Dotel, Kapital, Castillo, Alvarez, and Duars have thirty (30) days from the date of this order to answer or otherwise plead.

## **CONCLUSION**

As stated above, motions DE 25, 27, 48, 49, 54, and 74 are GRANTED. Motions DE 22, 38, 39, 40, 44, 45, 61, 68, 73, and 77 are DENIED. Plaintiff is GRANTED thirty (30) days from the date of this order to respond to outstanding motions to dismiss. All the defendants that have appeared—ABM, Dotel, Kapital, Castillo, Alvarez, and Duars—are GRANTED thirty (30) days from the date of this order to answer or otherwise plead.

SO ORDERED, this the __11__ day of October, 2019.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE