IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:19-CV-131-BO

LAWRENCE FLOYD,            )
    Plaintiff,          )
                        )          **O R D E R**
v.                         )
                        )
ON THE ROX ENTERTAINMENT LLC, )
et al.,                    )
    Defendants.         )

This cause comes before the Court on plaintiffs' motion for entry of default judgment against defendant Ronny Kevin Roldán Velasco. The motion is GRANTED.

## BACKGROUND

Plaintiff brought this action against multiple defendants for matters arising out of a concert planned for July 22, 2017 in Fayetteville, North Carolina in which defendant Roldán was intended to be the "main act." A contract entered into by the parties, brokered by On the Rocks Entertainment and Warnae Watkins for plaintiff's benefit, calls for plaintiff to pay defendant to perform on July 22, 2017. Plaintiff made multiple payments to defendant Roldán through Watkins for the initial deposit on June 5, 2017 and a payment for travel-related expenses on June 15, 2017. On July 11, 2017, defendant Roldán's manager informed plaintiff that defendant Roldán would not be travelling to the venue and would not be performing.

Plaintiff asserts four claims for relief: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, and (4) *quantum meruit*.

Defendant failed to appear in this action after service of the complaint and summons were made on February 7, 2020. Clerk's default was entered against defendant on May 1, 2020.

Plaintiffs now move for default judgment. A hearing was held on the matter on October 8, 2020 in Greenville, North Carolina.

## DISCUSSION

Plaintiffs seek entry of default judgment under Federal Rule of Civil Procedure 55(b). After the entry of default, the well-pleaded factual allegations in plaintiffs' complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Id.* The Court concludes that the allegations support the relief sought.

The first claim for relief is breach of contract. Plaintiff alleges that the parties had a contract for defendant Roldán to perform in Fayetteville, North Carolina on July 22, 2017. Defendant Roldán breached that contract by not performing after the initial deposit had been made and the travel expenses paid for without a valid excuse per the terms of the contract. Plaintiff attempted to mitigate its damages but was not able to book a new artist with similar marketing and revenue potential. Although the contract states that plaintiff and defendant Roldán are to seek to resolve any disagreement through negotiation, this is not a disagreement under the contract, but rather a complete breach by defendant Roldán. The contract has a forum selection clause that states that "the Republic of Colombia . . . is fixed as a contractual domicile." However, the clause does not state that Colombia is the only jurisdiction, and the Court may properly consider this breach of contact claim. These facts entitle plaintiff to relief for breach of contract.

Plaintiffs' second claim for relief asserts a violation of North Carolina's unfair and deceptive trade practices statute. N.C. Gen. Stat. § 75-1.1. "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers[.]" *Bumpers v. Cmty. Bank of N. Virginia*,

2

367 N.C. 81, 91 (2013). Proof of fraud in the inducement necessarily constitutes a violation of Chapter 75 and shifts the burden of proof from plaintiff to defendant. *Media Network v. Long Haymes Carr, Inc.*, 197 N.C. App. 433, 453 (2009). The elements of fraud in the inducement are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting damage to the injured party." *Id.* Plaintiffs have adequately alleged that defendant Roldán knew when he signed the contract that he was not cleared to travel to the United States and fulfill his obligation to perform but did not disclose this information to plaintiff. Despite his unspecified visa issues" that prevented him from traveling, he accepted the initial deposits and money for travel expenses from plaintiff. Defendant Roldán also advertised to plaintiff that he was going to perform at another event, which was never booked at the venue. Defendant Roldán's non-performance was disastrous for plaintiff and his investment. Accordingly, plaintiff is entitled to relief on this claim.

Plaintiff has further demonstrated he is entitled to relief for breach of the covenant of good faith and fair dealing. A breach of the implied covenant of good faith and dealing requires "the wrongful intent of a party to deprive another party of its contractual rights. *Dull v. Mut. of Omaha Ins. Co.*, 85 N.C. App. 310, 318 (1987). Plaintiff's allegations include that defendant Roldán knew or should have known that his failure to show up would cause the entire concert to fail. The admitted facts from the complaint clearly fit this description.

Finally, plaintiffs are entitled to relief on their claim for unjust enrichment. In order to state a claim for unjust enrichment, a party must show that: (1) one party conferred a benefit on the other, (2) the benefit was not conferred officiously, (3) the benefit was not conferred gratuitously, (4) the benefit is measurable, and (5) defendant consciously accepted the benefit. Plaintiff alleges that he paid defendant Roldán a measurable amount on the expectation that defendant Roldán

3

Case 5:19-cv-00131-BO Document 127 Filed 10/13/20 Page 3 of 4

367 N.C. 81, 91 (2013). Proof of fraud in the inducement necessarily constitutes a violation of Chapter 75 and shifts the burden of proof from plaintiff to defendant. *Media Network v. Long Haymes Carr, Inc.*, 197 N.C. App. 433, 453 (2009). The elements of fraud in the inducement are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting damage to the injured party." *Id.* Plaintiffs have adequately alleged that defendant Roldán knew when he signed the contract that he was not cleared to travel to the United States and fulfill his obligation to perform but did not disclose this information to plaintiff. Despite his unspecified visa issues" that prevented him from traveling, he accepted the initial deposits and money for travel expenses from plaintiff. Defendant Roldán also advertised to plaintiff that he was going to perform at another event, which was never booked at the venue. Defendant Roldán's non-performance was disastrous for plaintiff and his investment. Accordingly, plaintiff is entitled to relief on this claim.

Plaintiff has further demonstrated he is entitled to relief for breach of the covenant of good faith and fair dealing. A breach of the implied covenant of good faith and dealing requires "the wrongful intent of a party to deprive another party of its contractual rights. *Dull v. Mut. of Omaha Ins. Co.*, 85 N.C. App. 310, 318 (1987). Plaintiff's allegations include that defendant Roldán knew or should have known that his failure to show up would cause the entire concert to fail. The admitted facts from the complaint clearly fit this description.

Finally, plaintiffs are entitled to relief on their claim for unjust enrichment. In order to state a claim for unjust enrichment, a party must show that: (1) one party conferred a benefit on the other, (2) the benefit was not conferred officiously, (3) the benefit was not conferred gratuitously, (4) the benefit is measurable, and (5) defendant consciously accepted the benefit. Plaintiff alleges that he paid defendant Roldán a measurable amount on the expectation that defendant Roldán

would perform a service, which he failed to perform. These measurable sums were accepted by defendant Roldán's agents for the benefit of defendant Roldán. Based on the admitted facts, plaintiff is entitled to relief on his unjust enrichment claim.

Accordingly, plaintiffs have demonstrated that defendant is liable for damages. Plaintiffs have submitted a calculation of damages supported by affidavit. These damages include (1) $26,416 in actual damages for initial deposits and a travel fee they paid to defendant Roldán, (2) $5,500 for lost marketing expenditures, (3) $56,376.90 for expenses incurred in booking the venue, and (4) $462,887 for lost revenue. This totals to $551,179.90. North Carolina's unfair and deceptive trade practice law provides for treble damages, which in this case amounts to $1,653,539.70. *See* N.C. Gen. Stat. § 75–16. All told, the Court awards plaintiffs $1,653,539.70 in damages and $302,500.70 for reasonable attorney's fees and other costs.

## CONCLUSION

Plaintiffs' motion [DE 123] for entry of default judgment against defendant Ronny Kevin Roldán Velasco, is GRANTED. Default judgment against defendant is hereby entered in the amount of $1,653,539.70 for damages and $302,500.70 for attorney fees. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). The clerk is DIRECTED to close this case as to defendant Roldán.

SO ORDERED, this ___9___ day of October, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE