IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:19-CV-00131-BO

| | |
|---|---|
| Lawrence Floyd d/b/a Surge Production, An individual | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| On the Rox Entertainment LLC, a Missouri Limited liability company; Warrena Roxana Watkins a/k/a Warnae Watkins, an individual; Kapital Musicc and Entertainment, S.A.S., a Simplified Stock Corporation in Colombia; Ronny Kevin Roldán Velasco, an individual; Duars Entertainment, Corp., a corporation in Puerto Rico; Rafael Castillo, an individual; Johnathan Morales d/b/a JN Bookings, LLC an individual; Javid David Álvarez Fernández, an individual; Efraín David Fines Nevares, an individual; ABM Entertainment Worldwide, Inc., a Florida corporation; Gabriel N. Dotel, an individual | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO ABM ENTERTAINMENT WORLDWIDE, INC.

Pursuant to Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.1(b), Plaintiff, LAWRENCE FLOYD D/B/A SURGE PRODUCTION ("Plaintiff"), by and through his undersigned counsel, requests that the Court enter default judgment against Defendant ABM ENTERTAINMENT WORLDWIDE, INC. ("ABM"), be entered, and in support of same shows unto the Court the following:

1

Relevant Procedural History

1. Plaintiff filed the above-captioned action on April 5, 2019 in this Court seeking damages against ABM for (i) fraud in the inducement, (ii) unfair and deceptive trade practices, (iii) negligent misrepresentation, and (iv) unjust enrichment [D.E. 1 at 22, 23, 25 and 30].

2. On January 9th, 2020, the Court entered default against ABM [DE 99].

3. On October 13th, 2020, the Court entered default judgment against Kevin Roldan [DE 128].

4. On March 16th, 2021 the Court directed Plaintiff to reduce their claims against the remaining defendants to judgment within 30 days.

## ARGUMENT

### I. STANDARD OF REVIEW

"'Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).'" *Alea London Ltd. v. Oxendine*, No. 7:09-CV-165, 2010 U.S. Dist. LEXIS 94187, at *3-4 (E.D.N.C. Sept. 9, 2010) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998)). Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Here, defendant ABM has failed to plead

2

Case 5:19-cv-00131-BO   Document 134   Filed 04/13/21   Page 2 of 7

or otherwise defend himself against Plaintiff's claims, despite proper service of process, and entry of default has been entered against him [D.E. 101 at 16]. Plaintiff's motion for default judgment is therefore proper and within the Court's discretion to grant.

In determining whether to award a default judgment, the Court will take as true the well pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "Nonetheless, the Court must 'consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Plumbers & Steamfitters Local 486 Pension Fund v. RLS Heating, Air Conditioning, & Refrigeration, LLC*, No. WDQ-10-2716, 2010 U.S. Dist. LEXIS 135369, at *9 (D. Md. Dec. 22, 2010).

## II. PLAINTIFF HAS ESTABLISHED DEFENDANT ABM'S LIABILITY FOR UNJUST ENRICHMENT, FRAUD IN THE INDUCEMENT AND UNFAIR AND DECEPTIVE TRADE PRACTICES

### A. FRAUD AND UNFAIR AND DECEPTIVE TRADE PRACTICES

"The essential elements of fraud in the inducement are: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Media Network v. Long Haymes Carr, Inc.*, 197 N.C. App. 433, 678 S.E.2d 671, 684 (2009). Proof of fraud in the inducement necessarily constitutes a violation of Chapter 75 and shifts the burden of proof from the plaintiff to the defendant, which must then prove that it is exempt from Chapter 75's provisions." *Id* at 684.

A person damaged by unfair and deceptive trade practices is entitled to treble damages. N.C. Gen. Stat. §75-16. Upon a finding that the party charged with the Chapter 75 violation willfully engaged in the unfair and deceptive practices and unjustly refused to resolve the matter. N.C. Gen. Stat. §75-16.1.

3

ABM through their agent, Gabriel N. Dotel, held itself out as a representative and road manager for the defendant at the heart of this matter, Kevin Roldan [DE 1 at 6, ¶28-30]. As the road manager, ABM was working in conjunction with Roldan when Roldan promised he would be performing at a concert on July 22, 2017. [DE 1 at 22, 23, ¶ 153]. Plaintiff relied on this representation, organizing a concert venue (along with all the appurtenant matters) and incurring the associated expenses therewith in reliance on this representation [DE 1 at 22, ¶ 158]. When the first concert failed to materialize, ABM, through their agent Dotel, perpetuated and continued with this charade by promising additional make up performances which never materialized [DE 1 at 22, ¶155].

In actuality, and unknown to the Plaintiff during the set up and negotiation to produce the concerts, at the time Roldan committed to playing in America he did not possess the ability to travel. [DE 1 at 22, 23, ¶153]. When Roldan failed to perform at his first concert, he related through ABM that he had unspecified "visa issues" which allegedly precluded him from travel. [DE 1 at 29, ¶ 208]. As the road manager, ABM either knew or should have known that Roldan could not travel to America to perform the shows he agreed to perform. Yet despite ABM and Roldan knowing that he could not perform under the terms of his contract, ABM asked for, and received form Plaintiff, the sum of $12,666.00 for travel expenses [DJ ABM Exhibit A[1]].

B. **UNUST ENRICHMENT**

A prima facie claim for unjust enrichment has five elements. First, one party must confer a benefit upon the other party. *D.W.H. Painting Co., Inc. v. D.W. Ward Const. Co., Inc*., 174 N.C. App. 327, 334, 620 S.E.2d 887, 893 (2005). Second, the benefit "must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a

---

[1] The wire transfer has been redacted to protect personal and banking information.

manner that is not justified in the circumstances." *Id*. (*quoting Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988)) (quotation marks omitted). Third, the benefit must not be gratuitous. Id. Fourth, the benefit must be measurable. *Id*. Last, "the defendant must have consciously accepted the benefit." *Id*.

ABM was unjustly enriched in the total amount of $12,666.00, which sum represents the amount of money asked for by ABM for travel related expenses on behalf of Kevin Roldan in furtherance of a concert. At the time ABM asked for and received this money, as the road manager it knew and/or should have known that their client, Kevin Roldan, could not travel. Despite this, ABM asked for and received the sum of $12,666.00 for "travel expenses" and that money was not used for its intended purpose [DJ ABM Exhibit A].

**WHEREFORE,** Plaintiff prays for the following relief:

1. That the court award Plaintiff the sum of $12,666.00 against ABM for damages due to unjust enrichment, and fraud in the inducement; and

2. That the damages be trebled pursuant to N.C. Gen. Sta.t §75-16 and on the basis that the damages were incurred on the basis of a fraudulent inducement; and

3. That Plaintiff be awarded reasonable attorneys' fees in this matter in the amount of $2,000.00; and

4. Interest on the award from the date of filing at the legal rate; and

5. For such other relief as the Court deems appropriate.

This the 13th day of April, 2021

EVERETT, WOMBLE & LAWRENCE

/s/ Harry Lorello
Harry Lorello, NC Bar No. 46216
Everett, Womble & Lawrence
P.O. Drawer 1678
Goldsboro, NC 27533
PH:   (919) 778-6707
E:    hlorello@goldsboronclawyers.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ABM** was duly served this 13th day of April, 2021 by electronic means via the CM/ECF Filing System to:

Manuel Franco
Edwin Prado
Prado Law Offices
513 W. Colonial Drive, Unit 5
Orlando, FL 32804
Manuel.Franco.Law@gmail.com
Pradolaw10@gmail.com
Telephone: (407) 420-7926
Facsimile: (787) 977-1411

William Woodward Webb
William Woodward Webb, Jr.
Edminsten & Webb Law Firm
118 St. Mary's Street, 2nd Floor
Raleigh, NC 27605
woodywebb@ew-law.com
Telephone: (919) 831-8700

Colin R. McGrath
Eric Stevens
Poyner Spruill
P.O. Box 1801
Raleigh, NC 27602-1801
estevens@poynerspruill.com
cmgrath@poynerspruill.com
Telephone: (919) 783-6400
Facsimile: (919) 783-1075

Johnathan Morales
1946 Grand Isle Drive
Brandon, FL 33511

/s/ Harry Lorello

Harry Lorello