IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-131-BO

| | |
|---|---|
| LAWRENCE FLOYD, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ABM ENTERTAINMENT WORLDWIDE, INC., )<br>    Defendant. ) | **ORDER** |

This cause comes before the Court on plaintiff's motion for entry of default judgment against defendant ABM Entertainment Worldwide, Inc. The motion is GRANTED.

## BACKGROUND

Plaintiff brought this action against multiple defendants for matters arising out of a concert planned for July 22, 2017 in Fayetteville, North Carolina in which defendant ABM Entertainment Worldwide, Inc. ("ABM"), through their agent, Gabriel N. Dotel, was the representative and road manager for the "main act," Ronny Kevin Roldán Velasco. A contract entered into by the parties called for plaintiff to organize a venue and pay the associated costs for a concert to be performed on July 22, 2017. Plaintiff incurred various expenses in reliance on ABM's representation, yet the performance never materialized. On June 16, 2017, plaintiff made a payment of $12,666.00 to ABM for travel expenses, as requested, despite ABM's knowledge that the main act would be unable to travel and perform.

Plaintiff asserts three claims for relief: (1) fraud in the inducement, (2) unfair and deceptive trade practices, and (3) unjust enrichment. Defendant failed to appear in this action after service of the complaint and summons were made on April 13, 2021. Clerk's default was entered against defendant on January 9, 2020. On March 16, 2021, the Court directed plaintiff to

1

reduce his claims against the remaining defendants to judgment. Plaintiff now moves for default judgment.

## DISCUSSION

Plaintiff seeks entry of default judgment under Federal Rule of Civil Procedure 55(b). After the entry of default, the well-pleaded factual allegations in plaintiff's complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Id.* The Court concludes that the allegations support the relief sought.

The Plaintiff's first claim for relief is for fraud in the inducement. Proof of fraud in the inducement necessarily constitutes a violation of Chapter 75 and shifts the burden of proof from plaintiff to defendant. *Media Network v. Long Haymes Carr, Inc.*, 197 N.C. App. 433, 453 (2009). Elements of fraud in the inducement are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Id.* at 453 (quoting *Rowan County Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 658 (1992)). Plaintiff has adequately alleged that defendant ABM knew or should have known that its client was not cleared to travel to the United States and thus would be unable to fulfill his obligation to perform. However, defendant asked for and received a sum of $12,666.00 for "travel expenses," even though that money was not used for its intended purpose. Plaintiff relied on this representation and incurred associated expenses. Accordingly, plaintiff is entitled to relief on this claim.

Additionally, Plaintiff asserts relief for a violation of North Carolina's unfair and deceptive trade practices statute. N.C. Gen. Stat. § 7.5-1.1. "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive,

unscrupulous, or substantially injurious to consumers." *Bumpers v. Cmty. Bank of N. Virginia*, 367 N.C. 81, 91 (2013). Defendant ABM acted in a way that was both unethical and substantially injurious to the plaintiff. In spite of defendant ABM's knowledge, or the fact that it should have known, that its client would not be able to fulfill the terms of his contract, ABM asked the plaintiff for a sum of $12,666.00 under the guise of using it on impending travel expenses, received the sum, and failed to organize transport or performance of the main act as promised. Furthermore, defendant ABM, fully aware of the main act's ongoing inability to obtain the appropriate travel visa, furthered such deception by promising make-up performances that also failed to materialize.

Plaintiff's final claim is for entitlement to relief for unjust enrichment. In order to state a prima facie claim for unjust enrichment, a party must show that: (1) one party conferred a benefit on the other, (2) the benefit was not conferred officiously, (3) the benefit was not conferred gratuitously, (4) the benefit is measurable and measurable, and (5) defendant consciously accepted the benefit. *See D.W. H. Painting Co., Inc. v. D.W. Ward Constr. Co., Inc.*, 174 N.C. App. 327, 334 (2005) (citation omitted). Plaintiff alleges that, at defendant ABM's request, he paid defendant ABM a measurable amount for the main act's flight and travel expenses on the expectation that defendant ABM would ensure the main act's appearance and performance at the venue specified in their contract. However, defendant ABM, which either knew or should have known that its client could not travel, never organized such transport. This measurable sum was accepted by defendant ABM via wire transfer on June 6, 2017. Based on the admitted facts, plaintiff is entitled to relief on his unjust enrichment claim.

Accordingly, plaintiff has demonstrated that defendant is liable for damages. Plaintiff has submitted a calculation of damages supported by affidavit. These damages amount to $12,666.00

in actual damages for the travel expenses fee plaintiff paid to defendant ABM. Pursuant to N.C. Gen. Stat. §75-16, Plaintiff is further entitled to treble damages for unfair and deceptive trade practices, which in this case amount to $37,998.00. *See* N.C. Gen. Stat. § 75–16. In total, the Court awards plaintiffs $50,664.00 in damages and $1,400.00 for reasonable attorney's fees and other costs, as well as interest from the date of filing at the legal rate.

## CONCLUSION

Plaintiff's motion [DE 134] for entry of default judgment against defendant ABM Entertainment Worldwide, is GRANTED. Default judgment against defendant is hereby entered in the amount of $50,664.00 for damages and $1,400.00 for attorney fees. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). The clerk is DIRECTED to close this case as to defendant ABM.

SO ORDERED, this ___2___ day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE